1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARPRUBERTITO BONTILAO,

11                Petitioner,                    No. CIV S-12-0671 GGH P

12        vs.

13   GARY SWARTHOUT,                             ORDER

14

                   Respondent.

15   _____/

16        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the undersigned

18   pursuant to 28 U.S.C. § 636(c), see Docket #4, and no other party has appeared.

19        Petitioner pled guilty to second degree murder and was sentenced to a term of

20   fifteen years to life in 1998.  Petition, pp. 1, 5.  Petitioner challenges the 2010 decision[1] by the

21   California Board of Parole Hearings (BPH) finding him unsuitable for parole at his initial parole

22   consideration hearing.  See Petition.  Petitioner frames his challenge as follows: "[t]here was no

23   evidence to support the Board's determination of petitioner's current dangerousness[,] violating

24   state Supreme Court holdings and violating state and federal constitutions' equal protection

25   _____

26        [1] The decision became final on March 17, 2011.  Docket # 1-1, p. 27.

1

1   clauses."   Id., at 5.

2        On January 24, 2011, the United States Supreme Court in a per curiam decision

3   found that the Ninth Circuit erred in commanding a federal review of the state's application of

4   state law in applying the "some evidence" standard in the parole eligibility habeas context.

5   Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v.

6   McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus

7   relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth

8   Circuit's holding that California law does create a liberty interest in parole was "a reasonable

9   application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court

10  stated:

11           When, however, a State creates a liberty interest, the Due Process
             Clause requires fair procedures for its vindication-and federal
12           courts will review the application of those constitutionally required
             procedures. In the context of parole, we have held that the
13           procedures required are minimal.

14  Swarthout v. Cooke, at 862.

15       Citing Greenholtz,[3] the Supreme Court noted it had found under another state's

16  similar parole statute that a prisoner had "received adequate process" when "allowed an

17  opportunity to be heard" and "provided a statement of the reasons why parole was denied."

18  Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not

19

20       [2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en
     banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
21   which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially
     overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme
22   Court, a district court is no longer bound by that authority, and need not wait until the authority is
     also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23   banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
     overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24   decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting
     Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court
25   is not bound by Hayward.

26       [3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1    require more," the justices in the instances before them, found the prisoners had "received at least

2    this amount of process: They were allowed to speak at their parole hearings and to contest the

3    evidence against them, were afforded access to their records in advance, and were notified as to

4    the reasons why parole was denied." Id.

5          The Supreme Court was emphatic in asserting "[t]hat should have been the

6    beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It

7    will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty

8    interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

9    rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due

10   process requirement for a "some evidence" review and it also appears that federal courts are

11   precluded from review of the state court's application of its "some evidence" standard.

12         Petitioner strives mightily and sincerely to preclude the application of Swarthout

13   v. Cooke's holding to his challenge. Petitioner states that he is not contending that the BPH

14   "committed an error of law." Petition, p. 14. Rather, petitioner contends that his Fifth and

15   Fourteenth Amendment due process rights and his Fourteenth Amendment equal protection

16   rights have been violated by the BPH having deprived petitioner "of fair procedures for its

17   vindication of clear and convincing evidence under the preponderance of the evidence test that he

18   remains a current danger to society through the statutes." Id. Petitioner argues that the Supreme

19   Court in Swarthout did not abrogate prior law requiring the BPH "to establish by clear and

20   convincing evidence by a preponderance of the evidence [sic], facts and precedent case law that

21   petitioner is a current risk of danger and would pose an unreasonable risk of danger to society ..."

22   if released on parole. Id., at 16. For example, petitioner contends that the BPH's use of "his two

23   non violent disciplinaries over the past fifteen years" did not warrant a determination that he was

24   unsuitable for parole." Id., at 24-25. However, petitioner's challenge to the evidence and factors

25   as weighed by the BPH in finding him unsuitable for parole is precisely what this court is

26   foreclosed from considering post-Swarthout v. Cooke, 131 S. Ct. 859. Petitioner does not

1  contend that he was denied an "opportunity to be heard" and/or that he was not "provided a

2  statement of the reasons why parole was denied."  Indeed, the court's review of the copy of the

3  transcript of the November 17, 2010 hearing submitted by petitioner reveals that petitioner was

4  granted ample opportunity to be heard: he was provided an interpreter (for Tagalog); he had

5  counsel and he, himself, at points spoke at length, apparently without the assistance of the

6  interpreter.  See Petition (docket # 1)(2010 parole hearing transcript), pp. 40-100 through docket

7  # 1-1, pp. 1-27.  It is also indisputable that petitioner was provided a statement of reasons for the

8  denial decision.  Docket # 1-1, pp. 17-27.  There being no basis on which this petition could

9  proceed, this case should be dismissed.

10          Accordingly, IT IS HEREBY ORDERED that the habeas petition be denied.

11  Judgment should be entered for respondent.  A certificate of appealability may issue under 28

12  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

13  constitutional right."  28 U.S.C. § 2253(c)(2).  A certificate of appealability is not issued.

14  DATED: April 6, 2012

                                    /s/ Gregory G. Hollows
15                                  UNITED STATES MAGISTRATE JUDGE

16  GGH:009
    bont0671.ord

17

18

19

20

21

22

23

24

25

26